DAVID A. BOONE, ESQ., #74165
SUSAN D. SILVEIRA, ESQ. #169630
LAW OFFICES OF DAVID A. BOONE
1611 The Alameda
San Jose, California 95126
Telephone: (408) 291-6000
Facsimile: (408) 291-6016

Attorneys for Debtors
James and Margaret Carpenter

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In Re: | ) | Case No. 02-55966 ASW |
| JAMES CARPENTER<br>MARGARET CARPENTER | )<br>)<br>) | Chapter 13 |
| Debtors. | ) | ADVERSARY NO. 03-5627 |
| JAMES CARPENTER<br>MARGARET CARPENTER | )<br>) | |
| Plaintiffs<br>vs. | )<br>)<br>) | DATE: January 27, 2005<br>TIME: 3 PM<br>PLACE: 3099 |
| Judy Russell and Bob Griffiths,<br>individually; and as successors to G & R<br>Investments, Inc., assignee of<br>Daylight Way Family Partners, and<br>Randall C. Creech of Creech<br>Liebow & Kraus | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs, James and Margaret Carpenter, move the court for partial summary judgment against all named Defendants, on their complaint alleging that the recording of the abstract of judgment, instrument number 16486647, by the Defendants named herein on or about September 18, 2002, is void as a preference under 11 U.S.C. §547 on the ground that there is no genuine

1

issue as to any material fact and that they are entitled to judgment as a matter of law for the reason that even if all factual elements of the Defendants' answer and assertions were construed in the favor of Defendants, there still does not exist a defense to Defendants' claims.

This Motion is made pursuant to Federal Rule of Civil Procedure 56 as made applicable by Federal Bankruptcy Rule of Procedure 7056 and Bankruptcy Local Rule 7007-1.

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**UNDISPUTED MATERIAL FACTS**

1. Defendants, Judy Russell and Bob Griffiths, are creditors of the Debtors based on obligations arising from a lease agreement entered into by the Defendants and Debtors on or about June 1, 1998.

2. Defendants filed a lawsuit for alleged violations of the lease against the Debtors and their business, Golden State Mobile Home and Golden State Car & Truck Wash, on or about July 6, 2000. This lawsuit was filed in Santa Clara County Superior Court as case number CV-790743.

3. On or about September 16, 2002, judgment on Santa Clara County Superior Court Case number CV-790743 was awarded to the Defendants in the amount of $82,734,00 plus costs of suit, including attorney's fees as the prevailing party.

4. On September 18, 2002, Defendants named herein recorded an abstract of judgment for the amount of $82,743.00, plus costs of suit including attorney's fees as the prevailing party, instrument number 16486647 with the Santa Clara County Recorder.

5. Defendants have filed a proof of claim in Debtors' bankruptcy case for the amount of $123, 573 representing their claim for costs of suit including attorney's fees, although this amount was not determined by proper motion in the Santa Clara County Superior Court prior to the filing of Debtors' bankruptcy case. Thus the total amount that the Defendants' assert is included in the abstract of judgment filed on September 18, 2002 as Instrument Number 16486647 is $206,307.00.

7. The Plaintiffs, James and Margaret Carpenter, filed their Chapter 13 petition for

bankruptcy relief on October 22, 2002.

8. At the time the abstract of judgment was recorded, the Debtors owned and operated a struggling business known as Golden State Mobile Home and Golden State Car and Truck Wash. In September of 2002, this business was not generating sufficient profit to be a going concern. The Debtors had more total debts than assets, leading to the filing of their bankruptcy case in October and the closing of their business as of December, 2002.

## ARGUMENT

### A. THE UNDISPUTED MATERIAL FACTS SHOW THAT PLAINTIFF IS ENTITLED TO JUDGMENT AS A MATTER OF LAW

Rule 56(C) specifically states:

> [Summary] judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The definitional standards for summary judgment have now become well-established, especially since the Supreme Court's 1986 trilogy of cases clarifying the standards and criteria for obtaining summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 202 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). A court will consider granting summary judgment upon the movant making a prima facie showing that the standard for obtaining summary judgment has been satisfied. In the absence of evidence to the contrary, plaintiff's evidence compels the conclusion plaintiff seeks. See Black's Law Dictionary 1190 (6th ed. 1990) (citing Husbands v. Commonwealth of Pennsylvania, 395 F. Supp. 1107, 1139 (E.D. Pa. 1975).

After a movant makes a properly supported summary judgment motion, the nonmovant has the burden of setting forth specific facts showing the existence of a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 202 (1986). The nonmovant may not rely on the allegations or denials in its pleadings to establish a genuine issue of fact, but must come forward with an affirmative showing of evidence. Anderson, *supra*. Also

see <u>Mutual Fund Investors, Inc. V. Putnam Management Co.</u>, 553 F. 2d 620 (9th Cir. 1977), <u>In re Sarner</u>, 22 B.R. 63 (9th Cir. BAP 1982). The mere argument that fact issues exist is insufficient to prevent summary judgment where plaintiff has established a prima facie case and Defendant has failed to introduce specific facts putting matters at issue. <u>Gulf Puerto Rico Lines v. Maicera Criolla, Inc.</u>, 309 F. Supp. 539, 541 (D.P.R. 1969). As an example in the Ninth Circuit, the government obtained summary judgment in a tax dispute after the government established a prima facie case of tax liability and the taxpayer failed to introduce opposing evidence. <u>United States v. Pierce</u>, 609 F.2d 407, 408 (9th Cir. 1979).

Favorable material facts, although disputed by an opposing party, that have been objectively and unquestionably determined in a manner the court is not free to disregard, entitles the movant to summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, *supra* 477 U.S. at 248, *the Supreme Court held that disputed facts are "material," for the purpose of summary judgment, if a dispute over those facts will affect the outcome of the case.* In the instant case, Plaintiff relies upon the uncontradicted facts and documentation which shows proof that Plaintiff is entitled to a ruling voiding the recording of the judgment lien on the Debtor's property. Summary judgment is appropriate when movant establishes facts particular to the claimant's right to relief beyond a reasonable jury question. *See* <u>Edison v. Reliable Life Ins. Co.</u>, 664 F.2d 1130, 1131 (9th Cir. 1981).

**1. Defendants' Abstract of Judgment is Void Under 11 U.S.C. §547 Because the Debtors' Meet all the Required Elements for Avoiding a Preference**

The uncontroverted facts show that on September 18, 2002, Defendants recorded an abstract of judgment as instrument number 16486647. The uncontroverted facts also show that the Debtors' filed for bankruptcy relief on October 22, 2002. The relevant bankruptcy statute provides:

> (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property-
>
> (1) To or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

4

(3) made while the debtor was insolvent;

(4) made-

    (A) on or within 90 days before the date of the filing of the petition; or

    (B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if-

    (A) the case were a case under Chapter 7 of this title;

    (B) the transfer had not been made; and

    (C) such creditor received payment of such debt to the extent provided by the provisions of this title. 11 U.S.C. §547(b).

    **a.**   **The Debtors Meet the First Element for Voiding a Preference Under 11 U.S.C. §547(b).**

The first element for the Debtors' to establish in order to nullify the recording of the abstract of judgment as a voidable transfer is to show that the transfer was made for the benefit of a creditor. See <u>In re Koubourlis</u>, 869 F. 2d 1319 at 1321 (9th Cir. 1989) Under the Bankruptcy Code, a creditor is defined as follows:

(10) "creditor" means-

    (A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;

    (B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(I) of this title; or

    (C) entity that has a community claim. 11 U.S.C.§101.

Additionally, the bankruptcy code defines a claim as follows:

(5) "claim" means-

    (A) right to payment , whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

    (B) right to an equitable remedy for breach of performance if such breach gives

5

rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured; 11 U.S.C.§101.

In the instant case, the creditors, Judy Russell and Bob Griffiths, by the filing of their abstract of judgment, are asserting a claim within the meaning of "claim" under the United States Bankruptcy Code because they are seeking to collect on a judgment obtained in their lawsuit against the Debtors for violations of their lease agreement. Furthermore, Judy Russell and Bob Griffiths, meet the definition of "Creditor" under the Bankruptcy Code as they asserted this claim before the filing of Debtors' bankruptcy case. The recording of the abstract of judgment rendering their otherwise unsecured claim secured was done for their benefit. The record clearly establishes these undisputed facts.

**b.  The Debtors Meet the Second Element for Voiding a Preference Under 11 U.S.C. §547(b).**

The second condition for the Debtors' to establish in order to void the recording of the judgment as a preferential transfer under 11 U.S.C. §547(b), is that the transfer was made for or on account of a debt owed before the transfer was made. See <u>In re Koubourlis</u>, supra, at 1321. Under the Bankruptcy Code a "debt" is defined as "liability on a claim". 11 U.S.C. §101(12). In the instant case, the judgment against the debtors from Santa Clara County Superior Court Case No. CV-790743, represents a debt or liability on a claim owed by the Plaintiffs before the abstract of judgment was recorded. Therefore, the undisputed facts also verify that the second prong of the transfer avoiding requirement as set forth in 11 U.S.C. §547(b) is met.

**c.  The Debtors Meet the Third Element for Voiding a Preference Under 11 U.S.C. §547(b).**

The third prerequisite that the Debtors must show to void the recording of the abstract of judgment is that the debtors were insolvent during the time that the transfer was made. See <u>In re Koubourlis</u>, supra, at 1321. The Bankruptcy Code defines "insolvent" as follows:

(32) "insolvent" means-

    (A) with reference to an entity other than a partnership and a municipality, <u>financial condition such that the sum of such entity's debts is greater than all of</u>

6

<pre>
                such entity's property at a fair valuation, exclusive of-
                        (I) property transferred , concealed, or removed with intent to hinder,
                delay, or defraud such entity's creditors; and
                        (ii) property that may be exempted from property of the estate under
                section 522 of this title; (balance of citation omitted.)
</pre>

In the instant case, the debtors are presumed to have been insolvent at the time the challenged transfer was made because the abstract of judgment was recorded within 90 days of the filing of Debtors' bankruptcy case. 11 U.S.C. §547(f). Also see In re Koubourlis, Ibid. Even without this presumption, the Debtors meet this test because at the time of the recording of the abstract of judgment, their liabilities exceeded their assets. Therefore, again, the undisputed facts prove that Debtors meet the third requirement to void the filing of the abstract of judgment.

### d. The Debtors Meet the Fourth Element for Voiding a Preference Under 11 U.S.C. §547(b).

The fourth requirement to void a preferential transfer under 11 U.S.C. §547(b) is to establish that the transfer was made during the ninety days immediately preceding the filing of the bankruptcy petition. See In re Koubourlis, supra, at 1321. In the case at bar, the Debtors bankruptcy petition was filed on October 22, 2002. The abstract of judgment in question was recorded on September 18, 2002, or thirty-four days before the filing of Debtors' bankruptcy case. The undisputed facts clearly establish that the voidable transfer was made during the 90 days preceding the filing of Debtors' bankruptcy petition.

### e. The Debtors Meet the Fifth and Final Element for Voiding a Preference Under 11 U.S.C. §547(b).

The fifth and final element that the Debtors are required to establish in order to void a preferential transfer is to show that the transfer enabled the creditor to receive more than he would otherwise have received from the bankruptcy estate. See In re Koubourlis, supra, at 1321. In this case, the recording of the abstract of judgment transformed an unsecured claim to a secured claim, thus allowing Defendants to collect more from the Debtors' bankruptcy estate than they would otherwise have been entitled to as unsecured creditors. This undisputed fact supports the only conclusion that the fifth and final prerequisite has been met and the preferential

7

Case: 03-05627    Doc# 17    Filed: 12/23/04    Entered: 12/23/04 16:27:55    Page 7 of 8

transfer of the abstract of judgment is subject to avoidance under 11 U.S.C. §547(b).

## CONCLUSION

The undisputed material facts of this case show that the Debtors filed for relief under Chapter 13 of the Bankruptcy Code on October 22, 2002. Defendants recorded an abstract of judgment on September 18, 2002, within the 90 days preceding the filing of Debtors' bankruptcy case. The Debtors were presumed to be insolvent at the time of the filing of the abstract of judgment. Defendants are creditors within the meaning of 11 U.S.C.§101(10). The abstract of judgment recorded by the Defendants was for a judgment amount obtained against the Debtors on or about September 16, 2002 in Santa Clara County Superior Court. That judgment constitutes an antecedent debt for which the Defendants have a "claim" within the meaning of the United Bankruptcy Code pursuant to 11 U.S.C. §101 (5). By recording of the abstract of judgment, Defendants are asserting that their claim of $206,307.00 is secured, putting them in a much better position for payment from Debtors' bankruptcy estate than they would be if they were unsecured creditors. Therefore the recording of the abstract of judgment by Defendants on September 18, 2002 is voided as a preference according to the provisions of 11 U.S.C. §547(b) and the previously secured claim amount of $206,307.00 should be unsecured. Debtors are entitled to such a ruling as a matter of law.

DATED: December 22, 2004             THE LAW OFFICES OF DAVID A. BOONE



By: /s/DAVID A. BOONE
Attorneys for Plaintiffs, James and Margaret Carpenter