| | |
|---|---|
| 1 | DAVID A. BOONE, ESQ., #74165 |
| | SUSAN D. SILVEIRA, ESQ. #169630 |
| 2 | LAW OFFICES OF DAVID A. BOONE |
| | 1611 The Alameda |
| 3 | San Jose, California 95126 |
| | Telephone: (408) 291-6000 |
| 4 | Facsimile: (408) 291-6016 |
| 5 | ATTORNEYS FOR DEBTORS |
| | James and Margaret Carpenter |

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In Re: | ) | Case No. 02-55966 ASW |
| JAMES CARPENTER | ) | Chapter 13 |
| MARGARET CARPENTER | ) | |
| Debtors. | ) | ADVERSARY NO. 03-5627 |
| JAMES CARPENTER | ) | |
| MARGARET CARPENTER | ) | |
| Plaintiffs | ) | DATE: February 10, 2005 |
| vs. | ) | TIME: 3 PM |
| | ) | PLACE: 3099 |
| Judy Russell and Bob Griffiths, individually; and as successors to G & R Investments, Inc., assignee of Daylight Way Family Partners, and Randall C. Creech of Creech Liebow & Kraus | ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs, James and Margaret Carpenter, respond to the opposition to their Motion for Partial Summary Judgment as follows:

1

# PROCEDURAL FACTS

1. Plaintiffs filed the above-referenced adversary proceeding on November 14, 2003. One of their causes of action sought the avoidance of the judgment lien filed against their property by the Defendants within 90 days of the filing of their bankruptcy petition based on 11 U.S.C. §547.

2. Having been granted a two-week extension of time to file their answer, the Defendants' answer was filed on or about December 24, 2003.

3. Defendants' did not assert lack of standing as a defense to Plaintiff's Cause of Action regarding 11 U.S.C. §547.

4. The Chapter 13 Trustee has not brought a motion to avoid the preferential transfer of the judicial lien of Defendants.

# ARGUMENT

**A.    DEFENDANTS WAIVED THE "LACK OF STANDING" DEFENSE**

Defendants' failed to assert the defense of lack of standing regarding the Plaintiff's allegations that the recording of the Defendants' abstract of judgment within 90 days of the filing of their bankruptcy was avoidable as a preference pursuant to 11 U.S.C. §547. Federal Rule of Bankruptcy Procedure 7012 provides that "every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto...." Having not asserted the defense of lack of standing as to 11 U.S.C. §547 in their answer, Defendants are barred from raising it in their Opposition to Plaintiff's Motion for Partial Summary Judgment.

**B.    THE DEBTORS DO HAVE STANDING TO SEEK AVOIDANCE OF A PREFERENTIAL TRANSFER UNDER 11 U.S.C.§547.**

In the instant case, the Defendants recorded an abstract of judgment for $82,734.00 on September 18, 2002. This was within 90 days of the filing of their bankruptcy petition on October 22, 2002. In their Motion for Partial Summary Judgment, Plaintiffs seek to avoid this transfer as it meets the requirements of a preferential transfer as delineated in 11 U.S.C.§547(b) of the Bankruptcy Code. Defendants attempt to split hairs by claiming only the Chapter 13

Case 03-05627    Doc# 27    Filed: 02/03/05    Entered: 02/03/05 13:31:11    Page 2 of 4

Trustee is empowered to seek avoidance of this preferential transfer because the language of the statute states, "...the trustee may avoid any transfer of an interest of the debtor in property". 11 U.S.C.§547(b). However, Ninth Circuit case law provides that Chapter 13 debtors have standing to exercise trustee avoiding powers for the benefit of the estate. In re Cohen, 305 B.R. 886 (9th Cir. BAP 2004). That court observed:

> The rub in searching for a basis for standing to exercise avoiding powers in chapter 13 is that the text of chapter 13 does not say in so many words that anybody has authority to exercise trustee avoiding powers. Although recoveries on account of avoided transfers are always for the benefit of the estate to the extent not exempt and constitute property of the estate, chapter 13 does not expressly authorize anyone-neither chapter 13 trustees nor chapter 13 debtors to exercise trustee avoiding powers. In re Cohen, ibid, at 893.

After a lengthy analysis, the Bankruptcy Appellate Panel for the Ninth Circuit concluded:

> It would be an odd system that would require a chapter 13 debtor to depend upon the recovery of an avoidable transfer in order to have a confirmable plan but not permit the debtor to avoid the transfer.
>
> The key question is whether a chapter 13 debtor holds trustee powers concurrent with the trustee. The statute at section §1303 names trustee powers that debtors hold exclusive of the trustee but is silent with respect to other powers.
>
> In view of the structure of the rest of the chapter 13 system in which debtor retains possession of all property of the estate, including the proceeds of avoiding actions, and is unable to use such property without court permission, we think that the construction of §1303 most consistent with the whole of the Bankruptcy Code is that, by listing powers the debtor holds exclusive of the trustee, it leaves the debtor with other powers that may be exercised concurrent with the trustee. In re Cohen, Ibid, at 897.
> .............In the end, the risk of mischief from debtor exercise of avoiding powers is eliminated by the provisions limiting a debtor's ability to use property of the estate without permission from the court. Thus, the terms of the Bankruptcy Code, itself, support the conclusion that Chapter 13 debtors may exercise avoiding powers concurrently with the trustee. In re Cohen, Ibid, at 899.

Although the *Cohen* case involved the trustee avoiding powers of 11 U.S.C. §544, Plaintiffs assert that the same logic applies to the avoiding powers set forth in 11 U.S.C.§547. Thus, the debtors do have standing to avoid the preferential transfer of the judicial lien of the Defendants.

The United States Bankruptcy Court for the District of Oregon reached the same conclusion regarding debtor standing to exercise trustee powers under 11 U.S.C. §547(b). In re

Case: 03-05627   Doc# 27   Filed: 02/03/05   Entered: 02/03/05 13:31:11   Page 3 of 4

<u>Straight</u>, 35 B.R. 445 (Bankr. D. OR 1983)  In that case, the court upheld the debtors right to void a writ of garnishment as a preference under 11 U.S.C. §547(b).  The court adopted the analysis of the bankruptcy judge:

> The monies collected by defendant collection agency through its writ of garnishment constituted a voidable preference within the meaning of §547(b) of the Bankruptcy Code.  Ordinarily, it is the trustee in bankruptcy who would be avoiding such a transfer and recovering the property transferred for the benefit of all creditors.  However, under §522(h) of the Code, a debtor is given the same rights as a trustee if the transferred property would otherwise be exempt and the trustee chooses not to avoid the transfer.  One of the rights given to trustees under §550(a) of the Code– and extended to debtors pursuant to 522 (i)(1)– is the right to recover property subject to a voidable preference not only from the debtor's immediate transferee but from any subsequent transferee of such initial transferee, subject to certain exceptions which do not apply here.  <u>In re Straight</u>, Ibid, at 446.

Accordingly, the Plaintiffs Motion for Partial Summary Judgment is properly before the court.  The Plaintiffs seek summary judgment on their cause of action based on 11 U.S.C. §547(b).  Their motion sets forth all undisputed facts with respect to each of the elements necessary to establish an avoidable preference.  The Defendants have not brought forth any evidence to show that a dispute as to a material fact exists with respect to the facts supported by Plaintiff's declaration and the court record.  Therefore, the Plaintiffs are entitled to a ruling that the recording of the Defendant's judicial lien on or about September 16, 2002 is avoided as a preference rendering their claim unsecured in its entirety.

DATED: February 3, 2005            THE LAW OFFICES OF DAVID A. BOONE

                                   By: /s/DAVID A. BOONE
                                   Attorneys for Plaintiffs, James and Margaret Carpenter

4